MURRAY APFELBAUM, PLAINTIFF, v. EDWIN PIERCE AND CHARLES PIERCE, DEFENDANTS.

Argued February 19, 1924—Decided July 21, 1924.

Pleadings—Motion to Strike Out Complaint—Supreme Court Rules No. 30 and 40 Construed to Mean Motion Must Be Made Before Answer Has Been Filed—An Answer States, Under the Heads "First Defense" and "Second Defense," That Defendants Will Move On or Before Trial to Strike Out Complaint on Ground That No Cause of Action, a Motion Made Will Not Be Considered.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the plaintiff, *Leber & Ruback* (*Samuel F. Leber*, of counsel).

For the defendants, *William P. Seddon.*

PER CURIAM.

This case is before us on a motion to strike out the complaint. The complaint sets forth that on December 2d, 1920, the defendant entered into a written agreement with the plaintiff (recited at length in the complaint) to pay the plaintiff $4,275 for leasing a building in Hackensack, New Jersey, for a term of fifteen years. One thousand dollars was to be paid upon the execution of the lease, $1,000 on July 1st, 1920, date probably intended July 1st, 1921, and the balance "three months after L. R. Steel Company are occupying 145 to 149 Main street, Hackensack." In the month of February, 1922, the L. R. Steel Company either sublet or assigned the lease, with the consent of the defendants, to one Weisner Bros., Inc., who occupied the premises. The complaint further alleges that the two payments of $1,000 each were made, but the payment of $2,275 was not made. This amount is demanded. To this complaint an answer was filed. The answer states under the heads of first defense and second defense that the defendants will move on or

before the trial to strike out the complaint, because it does not set forth a legal cause of action. The case was noticed for trial at the December term of the Essex Circuit and placed on the list. Notice of a motion that at the February term of this court the defendants would move to strike out the complaint was then given. The grounds stated are that the complaint does not show a cause of action and is insufficient in law.

Rule 30 of the Supreme Court rules reads as follows: "Order of pleadings. The order of pleadings shall be—(1) complaint; (2) motion addressed to the complaint; (3) answer; (4) motion addressed to the answer; (5) reply. Further pleadings may be had, if necessary, until issue is joined. Unless otherwise ordered by the court, pleadings must be filed and motions made in the order mentioned above."

Rule 40 provides as follows: "Demurrers are abolished. Any pleadings may be struck out on motion on the ground that it discloses no cause of action, defense or counter-claim, respectively. The order made upon such motion is appealable after final judgment. In lieu of a motion to strike out, the same objection and any point of law [other than a question of pleading and practice] may be raised in the answering pleadings, and may be disposed of at or after the trial; but the court, on motion of either party, may determine the questions so raised before trial, and if the decision be decisive of the whole case the court may give judgment for the successful party or make such order as may be just."

We construe these sections as requiring a motion to strike out a complaint to be made to this court before an answer has been filed. After an answer has been filed the motion must be made at or after the trial before the judge to whom the cause has been referred for trial. The practice pursued in the present case, if sanctioned, could be made most oppressive to a plaintiff and a means of obtaining a delay in the trial of an action. In many counties the Circuit calendars are so crowded that frequently all the causes listed for trial cannot be reached during the term. A defendant could,

as the case. was approached, give notice of a motion before this court to strike out the complaint. This would result in delay and deprive the plaintiff of a speedy trial of his case which our system of procedure seeks to give. While demurrers are abolished, and the motions mentioned in the rules are substituted therefore, yet the principles of the common law method of pleading are essentially followed. Formerly, after the declaration was filed, the defendant was obliged either to demur or plead by way of traverse or by way of confession and evidence. Now, the defendant must decide either to move to strike out the complaint or answer the complaint. When he makes a decision he must abide by it. He cannot decide to answer the complaint and do so, and then afterwards move to strike out the complaint, any more than under common law pleadings a defendant could plead to a declaration and then afterwards demur to it. The only modification of this practice is that found in the Supreme Court rules and heretofore mentioned.

This motion in this case for this reason will not be considered, and is denied, with costs.