TILLIE KLUGHAUPT, PLAINTIFF, v. ACQUACKANONK WATER COMPANY, A CORPORATION, DEFENDANT.

Submitted March 13, 1924—Decided July 25, 1924.

Pleading—Motion to Strike Out—Answer Contains as "Third Defense" On or Before Trial Defendant Would Move to Strike Out on Ground That No Cause of Action was Disclosed—Rules 30 and 40 Construed to Mean That Motions to Strike Out Complaint Must Be Made Before Answer Has Been Filed.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the plaintiff, *Weinberger & Weinberger.*

For the defendant, *William P. Seddon.*

PER CURIAM.

This is a motion to strike out a complaint upon the ground that it discloses no cause of action. The complaint alleges

that the plaintiff was the owner of a dwelling-house in the city of Passaic; that the defendant water company maintained a series of water pipes beneath the street in front of the plaintiff's house; that "it was the duty of the company to maintain such pipes in good condition and not to permit them to deteriorate or become defective so that they would not be able to stand any pressure of water which the said defendant might cause to be forced through them;" that the water pipe burst and flooded the cellar of the plaintiff; that the cellar became damp and unsanitary, and that the foundations were weakened, causing the house to settle, &c. To this complaint an answer was filed. The answer denied the allegations of the material parts of the complaint. It also set up as a defense that there was a leak across the street from the plaintiff's property, and also that water, sprayed on the front lawn of the plaintiff's property, passed through the cellar window, and that any damages to the plaintiff's property was occasioned by the negligence of the plaintiff. The answer also set up as a defense that the pipes were in good condition and did not deteriorate or become defective.

Under the heading "Third Defense" the defendant stated that on or before the trial of this action the defendant would move to strike out the complaint on the ground that it disclosed no cause for action.

The record does not show the date of the filing of the answer or disclose whether the action was placed on the calendar for trial. After the filing of the answer notice of this motion was given.

In the case of Applebaum v. Pierce (No. 402, February term, 1924), a similar motion, after answer filed, was made. In this case this court said: "Rule 30 of the Supreme Court rules reads as follows: 'Order of pleadings. The order of pleadings shall be—(1) complaint; (2) motion addressed to the complaint; (3) answer; (4) motion addressed to the answer; (5) reply. Further pleadings may be had, if necessary, until issue is joined. Unless otherwise ordered by the court, pleadings must be filed and motions made, in the order mentioned above.'

"Rule 40 provides as follows: 'Demurrers are abolished. Any pleadings may be struck out on motion on the ground that it discloses no cause of action, defense or counter-claim, respectively. The order made upon such motion is appealable after final judgment. In lieu of a motion to strike out, the same objection, and any point of law [other than a question of pleading or practice] may be raised in the answering pleadings, and may be disposed of at or after the trial; but the court, on motion of either party, may determine the question so raised before trial, and if the decision be decisive of the whole case the court may give judgment for the successful party or make such order as may be just.'

"We construe these sections as requiring a motion to strike out a complaint to be made to this court before an answer has been filed. After an answer has been filed the motion must be made at or after the trial before the judge to whom the cause has been referred for trial. The practice pursued in the present case, if sanctioned, could be made most oppressive to plaintiff and a means of obtaining a delay in the trial of an action. In many counties the Circuit calendars are so crowded that frequently all the causes listed for trial cannot be reached during the term. A defendant could, as the case was approached, give notice of a motion before the court to strike out the complaint. This would result in delay and deprive the plaintiff of a speedy trial of his case which our system of procedure seeks to give."

These words are applicable to the present case. After answer filed this court will not entertain a motion to strike out the complaint. Often upon a motion made before the trial court defects in the complaint may be cured by amendments which the court will permit to be made where the complaint imperfectly states a good cause of action. This practice of making a motion of this kind, after answer filed to the trial judge, leads to greater expedition in the trial of causes.

For the reasons herein expressed the motion to strike out the complaint is denied, with costs.