## GREAT AMERICAN INDEMNITY COMPANY, PLAINTIFF, v. ROSSE GRONOWICZ ET AL., DEFENDANTS.

Argued August 7, 1928—Decided August 16, 1928.

For the motion, *William A. Coddington.*

*Contra, Ryman Herr.*

The opinion of the court was delivered by

KATZENBACH, J. This is a motion to strike out the answer of the defendants and to enter summary judgment. The suit was instituted on May 31st, 1928, upon a note made by the defendants Rosse Gronowicz and Adam Gronowica, and endorsed by the defendant Peter Zachowkow. The note was for $857 to be paid in equal monthly installments. It was given for a Reo-Wolverine Speed Wagon, purchased of the Ortman Motor Sales Company of Somerville. The purchase price was $1,327. Five hundred and seventy dollars was paid in cash and the note of $857 was given for the unpaid balance. The note is dated November 14th, 1927. On December 16th, 1927, the motor truck was wrecked by collision with a trolley car. One payment on the note had been made prior to the accident and one payment was made subsequent to the accident. The note had been originally transferred by the said Ortman Motor Sales Company to the Keystone Credit Corporation. This latter corporation assigned all its right, title and interest in

the note to the plaintiff. After the accident the car was taken to the garage of Carl Nagrodzki and is in his possession for Adam Gronowica. No effort has ever been made by anyone to take the car from the possession of Carl Nagrodzki.

The summons and complaint were properly served. When the answer was due it was filed. The defendants set up as the first defense that the plaintiff paid no consideration for the note and is not a holder in due course; as the second defense, that the truck was retaken by the seller under the conditional bill of sale, and as the third defense, that the seller and its assigns have not complied with the Conditional Sales act. The defendant Peter Zachowkow further sets up as a defense that he was merely a surety on the note and that the plaintiff was bound to proceed against him immediately upon the non-payment of the note and by not doing so had lost its rights. The defendant Rosse Gronowicz further sets up as a defense that she was a married woman at the time of the signing of the note and received no consideration therefor and was not liable upon the note.

These defenses are all met by the affidavits submitted. They are either sham or frivolous. The difficulty, however, with striking out the answer at this time, and entering summary judgment, is that the plaintiff elected to file a reply reserving therein the right to strike out the answer on the ground that it was sham and frivolous.

The Practice act of 1912 (*Pamph. L.* 1912, *p.* 377) provides for the order of pleadings. This is in section 16. It is the same as rule 30 of the Supreme Court. It reads as follows:

"Order of Pleadings. The order of pleadings shall be— (1) complaint; (2) motion addressed to the complaint; (3) answer; (4) motion addressed to the answer; (5) reply. Further pleadings may be had, if necessary, until issue is joined. Unless otherwise ordered by the court, pleadings must be filed and motions made in the order mentioned above."

Rule 40 provides as follows:

"Demurrers are Abolished. Any pleadings may be struck out on motion on the ground that it discloses no cause of action, defense or counter-claim, respectively. The order made upon such motion is appealable after final judgment. In

lieu of a motion to strike out, the same objection and any point of law [other than a question of pleading and practice] may be raised in the answering pleadings, and may be disposed of at or after the trial; but the court, on motion of either party, may determine the questions so raised before trial, and if the decision be decisive of the whole case the court may give judgment for the successful party or make such order as may be just."

This court can, if in its opinion justice is defeated by the application of a rule, act contrary to the rule. Rule 30, however, is based upon and is the same as section 16 of the Practice act of 1912 and is therefore statutory. In my opinion the plaintiff having elected not to address a motion to the answer, and having filed a reply with the reservation mentioned, must be held to the election.

Rule 81 of the Supreme Court, which is section 58 of the Practice act of 1912, provides as follows:

"The motion to strike out shall be made upon affidavit of the plaintiff or that of any other person cognizant of the facts, verifying the cause of action, and stating the amount claimed and his belief that there is no defense to the action."

An examination of the affidavits submitted by the plaintiff fails to show that the plaintiff, by an officer or authorized agent, has stated its belief that there is no defense to the action. This is necessary.

For these reasons the motion will be denied. The case has been noticed for trial at the September term of the Middlesex Circuit, and when called the plaintiff may make before the Circuit judge the present motion, in accordance with the reservation stated in the reply. No costs will be allowed to the defendants on this motion. The costs will abide the outcome of the suit.