HUDSON COUNTY CIRCUIT COURT.

BRONISLAW SZALKOWSKI, PLAINTIFF, v. C. S. OSBORNE & COMPANY, DEFENDANT.

For the plaintiff, *Elias G. Zwillman.*

For the defendant, *Kellogg & Chance.*

BROWN, J. By the defendant's answer there is presented for determination the objection that the complaint does not state a cause of action. The plaintiff contends to the contrary and also claims that the motion is one to strike out the complaint and is made out of time as a reply has been filed.

If the motion was of the class stated by the plaintiff his contention would be well founded. The question presented for determination is not a motion to strike out the complaint, which under Rule 30 of the Supreme Court should be made before an answering pleading is filed but an objection in point of law contained in defendant's answer which under Rule 40 of the Supreme Court can be heard at any time before trial. Rule 40 of the Supreme Court allows objections in point of law to be raised in answering pleadings and provides for a determination of the point thus raised "on motion of either party * * * before trial." *Lehigh Valley Railroad* v. *United Lead Co.,* 102 *N. J. L.* 545; *Wright* v. *Kroyden Co.,* 9 *N. J. Mis. R.* 287; *Great American Indemnity Co.* v. *Gronowicz,* 142 *Atl. Rep.* 897.

The complaint, objected to by the defendant, alleges generally that the plaintiff was hired by the defendant to grind tools with an emery wheel in the factory of the defendant. While thus employed, over a long period of time, particles of steel dust constantly surcharged and permeated the atmosphere of the building in which the plaintiff was employed which the plaintiff was obliged to inhale resulting in a lung disease to him. It is alleged that the disease contracted was due to the negligence of the defendant in not using proper safeguards to protect its employes from breathing the impure air. The defendant objects that a cause of action is not stated in the complaint for the reason that the plaintiff and defendant are bound by the provisions of the Workmen's Compensation act and the amendments thereof and its supplements arguing that the word "compensation" used throughout the legislative acts to which reference is made, when considered in connection with the Workmen's Compensation amendment of 1924 and the supplement of 1926, enlarge the compensable cases to include the occupational diseases therein mentioned; that the legislature intended to compensate only the accidents and occupational diseases described in those laws and excluded all other occupational disease as not being compensable under the act, and also precluded a person from instituting an action at law to recover damages for an occupational disease not described in the law. The defendant's contention amounts to this; the plaintiff, though bound by the Workmen's Compensation act, is not entitled to compensation under that act and is barred from bringing a suit at law to recover for his occupational disease. The defendant's contention is novel and for a better understanding of the question a reference to the legislation in question is necessary.

The parties agree that the hiring of the plaintiff is controlled by section 2 of the Workmen's Compensation act (*Pamph. L.* 1911, *ch.* 95), and that he is not entitled to compensation as his disease is not an occupational disease as described under that act.

Section 1 of the Workmen's Compensation act provides compensation for an injury caused to an employe by "acci-

dent." Section 2 provides an inexpensive method of obtaining compensation and that the employer and employe are bound by the provisions of the act unless notice is given to the contrary. The distinction between those sections of the act are discussed in *Sexton* v. *Newark District Tel. Co.,* 84 *N. J. L.* 94; *affirmed,* 86 *Id.* 701. Both sections of the act as originally enacted provided compensation for "personal injury to an employe by accident." This act did not include compensation for any occupational disease. Where there is no specific time or occasion that can be fixed upon as the time when the alleged accident happened, there is no injury by accident within the meaning of the act. *Liondale Bleach Works* v. *Riker,* 85 *Id.* 426. Compensation may be awarded for resulting conditions where you can put your finger on the accident from which they result; but the ground of the action fixed by the statute is the injury by accident, not the results of an indefinite thing which may not be an accident. The disease from which the plaintiff alleges he suffers was not due to an accident and therefore is not compensable and the plaintiff; notwithstanding, the provisions of the original Workmen's Compensation act would have the right to bring an action at law to recover for his occupational disease. In *Smith* v. *International High Speed Steel Co.,* 98 *Id.* 574, it was held that a disease, similar to the one described in the complaint, is not within the Compensation act and the common law remedy is not affected thereby. The defendant claims that subsequent legislation affecting workmen's compensation justifies its contention. Those acts are *Pamph. L.* 1924, *ch.* 123, *p.* 231, which is a supplement to *Pamph. L.* 1911, *ch.* 95, and provides in part:

"22 (a) When employer and employe have accepted the provisions of section 2 as aforesaid, compensation for personal injuries to or for death of such employe by any of the compensable occupational diseases, hereinafter defined arising out of and in the course of his employment shall be made by the employer to the extent hereinafter set forth and without regard to the negligence of the employer.

"22 (b) Definitions. When applicable in this act to occupational diseases the following words and phrases shall be construed to have the following meanings:

A. Compensable occupational ·diseases shall not include any other than those schedules below and shall include those so scheduled only when the exposure stated in connection therewith has occurred during the employment, and the disability has commenced within five months after the termination of such exposure.

Occupational diseases: anthrax; lead poisoning; mercury poisoning; arsenic poisoning; phosphorus poisoning; benzine, and its homologues, and all derivatives thereof; wood alcohol poisoning; chrome poisoning; caisson disease."

*Pamph. L.* 1923, *ch.* 31, *p.* 62, which is an amendment to the supplement of 1924, provides in part:

"2. (b) Definitions. When applicable in this act to occupational diseases, the following words and phrases shall be construed to have the following meanings:

A. Compensable occupational diseases shall not include any other than those scheduled below and shall include those so scheduled only when the exposure stated in connection therewith has occurred during the employment, and the disability has commenced within five months after the termination of such exposure.

Occupational diseases: anthrax; lead poisoning; mercury poisoning; arsenic poisoning; phosphorus poisoning; benzine, and its homologues and all derivatives thereof; wood alcohol poisoning; chrome poisoning; caisson disease; mesothorium or radium necrosis."

It appears that the 1924 act makes compensable not only injuries from accident but also the occupational diseases described in that supplement. The amendment of 1926 resulted in changing subdivision A, section 22 (b) of the act of 1924, by adding to the list of "Occupational Diseases," "mesothorium or radium necrosis."

The defendant argues that the legislature gave recognition to such occupational diseases as it deemed compensable and declared as non-compensable diseases not scheduled in the act,

particularly the wording of section 22 (b) which provides: "compensable occupational diseases shall not include any other than those scheduled below," and that the legislature in the use of the word "compensation" throughout the act meant the payment which a workman may receive from his employer whether as damages in an action at law or compensation under section 2 of the act, and that the plaintiff's disease was without the compensation thus provided for, hence, he cannot recover compensation in an action before the statutory compensation bureau or in an action at law. What the legislature intended by the supplement of 1924 and the amendment of 1926 was to extend the benefits of the Workmen's Compensation act and make compensable the occupational diseases therein mentioned. If the legislature intended to bar an action at common law for an occupational disease contracted through the negligence of an employer the legislature would have said so. A comparable construction was so determined by the Supreme Court in *Schmid* v. *Stanton Forging Co.*, 104 *N. J. L.* 47, when it said:

"If this was the intention of the legislature, it should have said, and probably would have said so, in express and unequivocal language."

The objection in point of law contained in the defendant's answer is overruled.