ESSEX COUNTY CIRCUIT COURT.

CHARLES D. WRIGHT, ADMINISTRATOR OF THE ESTATE OF NELLIE WRIGHT, DECEASED, PLAINTIFF, v. KROYDON COMPANY, A CORPORATION, DEFENDANT.

For the defendant, *Kellogg & Chance.*

For the plaintiff, *Smith & Slingerland.*

DUNGAN, C. C. J. This is an action by a Michigan administrator of the estate of Nellie Wright, whose death is alleged to have been caused by the negligent operation of an automobile which collided with her in the State of Michigan, as the result of which she died November 1st, 1927. The summons and complaint were issued October 31st, 1930, three years, less one day, after the death resulting from the accident.

The complaint was answered and a reply filed on behalf of the plaintiff, both of which raise points of law, which the defendant's attorney now moves to have determined under rule 40 of the Supreme Court, which is as follows:

"Demurrers are Abolished. Any pleading may be struck out on motion on the ground that it discloses no cause of action, defense or counter-claim, respectively. The order made upon such motion is appealable after final judgment. In lieu of a motion to strike out, the same objection, and any point of law [other than a question of pleading or practice] may be raised in the answering pleadings, and may be dis-

posed of at, or after, the trial; but the court, on motion of either party, may determine the question so raised before trial, and if the decision be decisive of the whole case, the court may give judgment for the successful party or make such order as may be just. (Rule 26, Pr. act 1912.)"

The plaintiff claims that this motion is controlled by rule 30 of the Supreme Court, which gives the order of pleadings as follows:

"30. Order of Pleadings.

The order of pleadings shall be—

1. Complaint;

2. Motion addressed to the complaint;

3. Answer;

4. Motion addressed to the answer;

5. Reply."

And that after the answer is filed such a motion cannot be made, and cites as authority *Apfelbaum* v. *Pierce et al.*, 126 *Atl. Rep.* 738, and *Klughaupt* v. *Acquackanonk Water Co.*, 126 *Id.* 739, but in both of those cases the motions were to strike out the complaints, and therefore the court could have reached no other decision under rule 30; but in this case the motion is made, not to strike out the complaint, but to determine the questions raised by the pleadings, before trial, under rule 40, which course seems to be approved by the decision in *Lehigh Valley Railroad Co.* v. *United Lead Co.*, 102 *N. J. L.* 545.

It may be added that there may be some doubt whether a motion to strike out the complaint would have been proper under rule 30, as in actions at law the bar of the statute of limitations is a defense, and that defense "is not available unless set up by plea" (*Callan* v. *Bodine*, 81 *N. J. L.* 240—at *p.* 242), unless the cause of action be one which did not exist at common law, but is one which "has been created by statute which fixes a time within which the action must be brought as an essential element of the right to sue." *Ibid.* However, since the right of action in case of death is one created by statute, it may be that advantage of the statute of limitations may have been taken by motion to strike out

the complaint; but, that is not the course pursued by the defendant, and having elected to answer, and then to move to have the points of law determined "before the trial," I think he is within his rights.

The most important question raised is whether or not the plaintiff's action is barred by the New Jersey statute of limiaations, as provided by section 8 of the Death act (*Comp. Stat.*, p. 1908), which requires that: "Every such action shall be commenced within twenty-four calendar months after the death of such deceased person." Admittedly this action was not commenced within that time; but the plaintiff contends that since there is no express limitation of time within which such an action may be brought in the State of Michigan, where the cause of action arose, and that it might be brought there at any time within three years, which is the time within which it might have been brought if death had not ensued, that the plaintiff's right of action is not barred by the New Jersey statute.

There is no doubt but that the questions of whether or not a right of action survives the death of a person injured in the State of Michigan, and to whom, in that event, the action survives, rest upon the laws of that state; but it is equally well established that the rule with relation to the remedies for enforcing rights of action is that they are regulated by the law of the state where such remedies are pursued, and not by the law of the state where the cause of action arose. *Summerside Bank* v. *Ramsey*, 55 *N. J. L.* 383; *Jaqui* v. *Benjamin*, 80 *Id.* 10; *Smith* v. *Smith*, 90 *Id.* 282.

The case of *Jaqui* v. *Benjamin*, *supra*, particularly applies this rule to statutes of limitation.

I find, therefore, that this action, which was not commenced within twenty-four calendar months, as required by the Death act of this state, is barred by that limitation.

Since this decision is decisive of the whole case, it is not necessary to decide the other questions raised, but upon the finding that the action is barred by the statute of limitations of New Jersey, I give judgment for the defendant.