THE TOWNSHIP OF NORTH BERGEN, IN THE COUNTY OF
HUDSON, A MUNICIPAL CORPORATION, PLAINTIFF-
APPELLANT, v. THE CLINTON ASPHALT COMPANY, A
CORPORATION OF NEW JERSEY, DEFENDANT-RE-
SPONDENT.

THE TOWNSHIP OF NORTH BERGEN, IN THE COUNTY OF
HUDSON, A MUNICIPAL CORPORATION, PLAINTIFF-
APPELLANT, v. THE CLINTON ASPHALT COMPANY, A
CORPORATION OF NEW JERSEY, DEFENDANT-RE-
SPONDENT.

THE TOWNSHIP OF NORTH BERGEN, IN THE COUNTY OF
HUDSON, A MUNICIPAL CORPORATION, PLAINTIFF-
APPELLANT, v. THE CLINTON ASPHALT COMPANY, A
CORPORATION OF NEW JERSEY, DEFENDANT-RE-
SPONDENT.

Submitted May 2, 1933—Decided December 15, 1933.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD
and HEHER.

For the plaintiff-appellant, *Nicholas S. Schloeder.*

For the defendant-respondent, *Burke, Sheridan & Houri-
gan (John Milton,* of counsel).

PER CURIAM.

These are appeals from judgments entered in the Hudson
County Court of Common Pleas in three cases referred to as

Central Outlet Sewer, Northern Outlet Sewer and John Street, upon rules made by that court, striking out the complaints and ordering judgments for the defendants.

The questions involved are common to all three cases and are argued together, and will be so dealt with here, as they were below, with particular reference to the Central Outlet Sewer case.

The cases, as we see them, all seek to recover losses alleged to have been sustained by the township of North Bergen as the result of alleged fraudulent and *ultra vires* contracts entered into between the defendant, Clinton Asphalt Company, and the former governing body in behalf of the plaintiff, township of North Bergen.

The defendant's answer consists principally of a denial of the allegations of the complaint, an allegation that the payments were made to the defendant by plaintiff's former governing body upon engineer's certificates, and in addition, sets forth an objection in point of law to each of the several counts of the complaint, together with a general objection to the entire complaint, and further stated that the defendant would object that the complaint disclosed no cause of action, and reserved the right to move to strike out the complaint at or before the time of the trial on the ground that it does not set forth any cause of action against the defendant.

No motion was made by the defendant prior to filing the answer. The reply was filed and the case was noticed for trial.

Then the notice of motion was given to strike out the complaint and for summary judgment in favor of the defendant, on the ground that the complaint did not state a cause of action, and was sham and frivolous, and annexed to the motion papers was an affidavit of the president of the defendant company to disprove the various allegations of the complaint. The motion came on to be heard and the Common Pleas judge directed that the complaint be stricken out upon the ground that the complaint failed to disclose a cause of action, and ordered judgment for the defendant which was entered, and from which the plaintiffs appeals.

The plaintiff first contends that the court erroneously struck out the complaint since the order was made upon a motion by the defendant addressed to the complaint under rule 30 of the Supreme Court after the defendant had filed an answer to the complaint.

There seems to be merit in that contention.

The motion addressed to the complaint seems to have been made pursuant to rule 30 of the Supreme Court as is particularly indicated by the filing of an affidavit by the defendant to disprove various allegations of the complaint. Such a motion addressed to the complaint, after answer filed, comes too late, even though there was reserved the right to make such motion. *Apfelbaum* v. *Pierce*, 2 *N. J. Mis. R.* 1150, 1152; 126 *Atl. Rep.* 738; *Klughaupt* v. *Acquackanonk Water Co.*, 2 *N. J. Mis. R.* 1188; 126 *Atl. Rep.* 739; *Great American Indemnity Co.* v. *Gronowicz*, 6 *N. J. Mis. R.* 821; 142 *Atl. Rep.* 897.

But the defendant maintains that the court below had power to strike the complaint and enter judgment under rule 40 of the Supreme Court on the ground that it disclosed no cause of action.

Assuming for present purposes that this power existed in the circumstances of the present case, the question remains was it properly exercised in view of the allegations of the complaint, and, hence, we proceed to examine the contention of the defendant in the light of plaintiff's argument.

The contention is that the complainant presents no triable issue.

We are not persuaded that this is so.

The court below seems to have regarded the complaint as consisting of mere conclusions. We think it consists of more, and the mere fact that conclusions are averred is not a sufficient reason for striking the complaint, if upon the whole it fairly apprised the adverse party of the state of facts, which it intended to prove.

We think the complaint meets this requirement. The first count alleges, in substance, that the former governing body of North Bergen entered into a contract with the Clinton Asphalt Company at a price vastly in excess of its maximum

fair value (both such value and the excess being plainly stated in the complaint), which fact was known to both; that payments were made under this contract at a price so excessive as to shock the conscience, and was a fraudulent diversion of the funds of the plaintiff, and was known to the parties to be such, and that the plaintiff corporation, consisting of the inhabitants of the township, is entitled to recover back the money to the extent of such excess. It seems to us that this fairly apprises the defendant of a state of facts which it is intended to prove. Obviously, the proof itself may consist largely of the facts or evidence, as distinguished from the state of facts, relating to these prices in detail, and such evidence has no proper place in the complaint. The second count charged in substance that additions were made to the contract and payments made thereon to the defendant, without previous advertisement and public bidding, in an attempt to evade the statute requiring advertisement for bids, without the existence of any unforseen emergency, and not incidental to the work provided for in the original contract, all of which was without any benefit to the plaintiff, but resulted in a stated loss to the plaintiff, and was the product of an effort by the defendant, together with the then governing body of the plaintiff, to evade the statute.

The fact alleged that the contract was changed and what change was made, is an averment of fact, not a conclusion. The fact that it was not publicly advertised is likewise an averment of fact. That the change resulted in no benefit to the municipal corporation is an averment of fact. That the work was not occasioned by an unforeseen emergency is an averment of fact. These facts, if true, are sufficient to indicate as charged that the work was the product of an effort by the defendant in collusion with the governing body to evade the statute providing for advertisement, and so became a question of fact for the jury. Both counts aver that the moneys so charged as fraudulently diverted and which the defendant holds, should in equity and good conscience be paid to the plaintiff.

It seems to us that the court below, and the defendant here, misconceived the nature of the claim made in the complaint.

The defendant seems to think that there was no charge of fraud or collusion. We think there was. In short, we think the complaint is based upon and is well within the principles enunciated by the Court of Errors and Appeals in the case of *Township of Franklin* v. *Jones,* 86 *N. J. L.* 224; 90 *Atl. Rep.* 1010. In that case it was said:

"The essential nature of this implied *assumpsit* is thus stated in 27 *Cyc.* 849, under the title, 'Money Received.' 'An action for money had and received is an equitable action governed by equitable principles [and] may in general be maintained whenever one has money in his hands belonging to another which in equity and good conscience he ought to pay over to that other.' 'The question, in an action for money had and received,' the same authority continues, 'is to which party does the money in equity, justice and law belong.' All that the plaintiff need show is that defendant holds money which in equity and good conscience belongs to him; but if he fails to show such superior right he cannot recover."

Certainly there are averments of the complaint, as has already been indicated, according to the legal effect of the essentials set forth in the above case, upon a state of facts which the complaint itself set forth. Such state of facts, if true, constitute a ground for such action, for it is elementary, if moneys are fraudulently and collusively paid upon an illegal or *ultra vires* contract, they generally may be recovered by a municipality in an action for money had and received, such as the present action.

Upon the whole, we think that the complaints in these three cases were improperly stricken. The orders striking them will be set aside and the judgments entered will be reversed.