GEORGE S. DALTON, PLAINTIFF, v. MAYOR AND COUNCIL OF THE CITY OF HOBOKEN, BERNARD F. McFEELEY, WILLIAM GILFERT, JOSEPH CLARK, MICHAEL M. KEARINS AND ADOLPH CARSTEN, DEFENDANTS.

Decided February 20, 1934.

For the plaintiff, *Sigmund Auerbach*.

For the defendants, *Horace L. Allen*.

BROWN, S. C. C. The plaintiff moves to strike out the defendants' answer as sham or frivolous and the defendants move to strike out the complaint as not stating a cause of action. The complaint alleges that the plaintiff is the "holder" of four improvement certificates of the city of Hoboken in a total sum of $1,800; that the certificates are long past due and though demand was made payment was refused. The defendants deny the allegations in the complaint and by way of separate defenses charge that the improvement certificates were issued without consideration or authority; that

the consideration mentioned in the certificates was paid to the person to whom they were issued and that the certificates were issued over sixteen years past. The plaintiff in his reply denies the allegations in the separate defenses and reserves the right to move to strike the answer at or before the trial as not a "good and sufficient legal answer."

The proof submitted on the motions made includes a stipulation that the improvement certificates were all dated in the year 1886. Photostatic copies of the certificates annexed to the stipulation discloses that they were signed by the mayor of the city of Hoboken and attested by the city clerk and issued to Patrick T. Plunkett. The certificates on the reverse side bear the endorsement "pay to the order of Robert J. Dalton, 250 Washington street, Jersey City," and signed P. T. Plunkett. An affidavit was also submitted by the plaintiff to the effect that he is thirty-five years of age and that he is the holder of the certificates in question.

Considering first in order the plaintiff's motion to strike out the answer of the defendants on the ground "that the same is sham or frivolous and merely filed for the purpose of delay." A motion to strike an answer on such grounds should be made before a reply is filed. Under rule 30 of the Supreme Court it is provided that:

"The order of pleadings shall be (1) complaint; (2) motion addressed to the complaint; (3) answer; (4) motion addressed to the answer; (5) reply. Further pleadings may be had, if necessary until issue is joined. Unless otherwise ordered by the court, pleadings must be filed and motions made in the order mentioned above."

Rule 40 of the Supreme Court provides:

"Any pleadings may be struck out on motion on the ground that it discloses no cause of action, defense, or counter-claim, respectively. The order made upon such motion is appealable after final judgment. In lieu of a motion to strike out the same objection, and any point of law (other than a question of pleading or practice) may be raised in the answering pleadings, and may be disposed of at, or after the trial; but the court, on motion of either party, may determine the ques-

tions so raised before trial, and if the decision be decisive of the whole case the court may give judgment for the successful party or make such order as may be just."

Those rules of the Supreme Court were construed in the case of *Apfelbaum* v. *Pierce et al.*, 2 *N. J. Mis. R.* 1150; 126 *Atl. Rep.* 738, as requiring the motion to strike out a complaint to be made before an answer is filed. While demurrers are abolished and the motions mentioned in the rules are substituted therefor, the principles of the common law method of pleading are essentially followed. It was the former practice after the declaration was filed for the defendant to either demur or plead. Now the defendant must decide either to move to strike out the complaint or answer the complaint. When he makes a decision he must abide by it. He cannot decide to answer the complaint and then afterwards move to strike out the complaint. *Klughaupt* v. *Acquackanonk Water Co.*, 2 *N. J. Mis. R.* 1188; 126 *Atl. Rep.* 739; *Wright, Admr.*, v. *Kroydon Co.*, 9 *N. J. Mis. R.* 287; 154 *Atl. Rep.* 195. The reservation in the reply filed by the plaintiff to the defendants' answer would not justify the plaintiff in moving to strike the answer under rule 30. Under rule 40 there can be determined only questions raised by the pleadings. *Lehigh Valley Railroad Co.* v. *United Lead Co.*, 102 *N. J. L.* 545; 133 *Atl. Rep.* 290. In the case of *Great American Indemnity Co.* v. *Gronowicz et al.*, 6 *N. J. Mis. R.* 821; 142 *Atl. Rep.* 897, the plaintiff filed a reply reserving therein the right to strike out the answer on the ground that it was sham and frivolous. The court in that case held the plaintiff having elected not to address a motion to the answer and having filed a reply with the reservation mentioned must be held to his election.

It is quite evident that the motion to strike on the ground that the answer is sham or frivolous cannot be sustained because of the election made by the plaintiff. The plaintiff in his brief argues that the court should dispose of the motion under the objection reserved in the reply. The notice of the motion made did not relate to this reservation and all that could be considered under the objection contained in the res-

ervation are questions of law arising out of the pleadings. Rule 40 of the Supreme Court; *Lehigh Valley Railroad Co.* v. *United Lead Co., supra; Klughaupt* v. *Acquackanonk Water Co., supra.* The first separate defense alleges that the certificates were illegally issued and issued without consideration. There has been no proof advanced on the motion to answer this defense and construing the pleadings under rule 40 this is a legal defense requiring proof at the trial. The same disposition is made of the second separate defense wherein it is alleged that payment was made to the payee of the certificates. The third separate defense amounts to a plea of the statute of limitations. The statue of limitations is a proper defense and is not available unless asserted in a plea. *Callan* v. *Bodine,* 81 *N. J. L.* 240 (at *p.* 242) ; 79 *Atl. Rep.* 1057; *Knabe* v. *Hudson Bus Transportation Co.,* 111 *N. J. L.* 333; 168 *Atl. Rep.* 418. The plaintiff attempts to meet the defense of the statute of limitations by producing an affidavit showing that the plaintiff was an infant during the running of the statute. It is a settled rule under the British statute of limitations as well as like statutes in our state that when the statute has once begun to run its course will not be impeded or its operation suspended by any subsequent disability. *Clark* v. *Richards,* 15 *N. J. L.* 347; *Freeman* v. *Conover,* 95 *Id.* 89; 112 *Atl. Rep.* 324; *Thorpe* v. *Corwin,* 20 *N. J. L.* 313. The disability of infancy in the case *sub judice* occurred after the statute began to run. The motion to strike the answer will be denied. Considering the countermotion of the defendants addressed to the complaint on the ground that the complaint fails to disclose a cause of action, this motion will be denied for the reason that it was made after answer filed. There has been no reservation of objection filed with the answer whereby the motion could be considered under rule 40 of the Supreme Court. The authorities cited in considering the motion of the plaintiff are applicable to the motion of the defendants. It follows under those authorities that the motion of the defendants to strike the complaint should be denied. An order may be entered in accordance with the above determinations.