KATHERINE ZIEGLER, GENERAL ADMINISTRATRIX AND ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF BALTHASER ZIEGLER, DECEASED, PLAINTIFF, v. HENRY MAURER & SON, A CORPORATION, DEFENDANT.

Decided September 1, 1937.

For the plaintiff, *David T. Wilentz.*

For the defendant, *Kellogg & Chance.*

BARBOUR, C. C. J.   This matter comes on to be heard on defendant's motion for determination of objection and point of law reserved in its answer to an amended complaint.

It is alleged in such amended complaint that plaintiff's deceased was employed by defendant and that in the course of his employment he was instructed and directed to grind bricks which "caused fine particles of said bricks, like fine sand, to be thrown into the air" which "was taken into the lungs of plaintiff's deceased;" that the air in the room or shop in which he worked was laden with such particles; that as a result his "lungs and bronchial tubes, and other parts of his body became congested and filled with said fine, sandlike particles" as a result of which he was unable to work, suffered great pain and anguish, and suffered serious bodily harm which resulted in his death.

Defendant filed its answer and reserved its objection and point of law, and now moves for determination thereof and judgment for the defendant on the ground so reserved, viz.: that the amended complaint states no cause of action, in that the same contains no allegations which would eliminate the cause set forth by the respective counts of the amended complaint, from the applicability of the statute of New Jersey, commonly known as the Workmen's Compensation law, as supplemented and amended.

To this the plaintiff objects that by filing its answer defendant has waived the reservation and that it cannot now urge its point, and cites several cases.

*Apfelbaum* v. *Pierce,* 2 *N. J. Mis. R.* 1150; 126 *Atl. Rep.* 738, was on a motion to strike the complaint after answer filed.

*DeVoe* v. *Delaware, Lackawanna and Western Railroad Co.,* 112 *N. J. L.* 35; 169 *Atl. Rep.* 637, was on a motion to strike a defense of contributory negligence after reply.

*Township of North Bergen* v. *The Clinton Asphalt Co.,* 12 *N. J. Mis. R.* 22; 169 *Atl. Rep.* 818, was on a motion to strike the complaint after answer filed.

*Dalton* v. *City of Hoboken,* 12 *N. J. Mis. R.* 216; 171 *Atl. Rep.* 141, was on plaintiff's motion to strike the answer

as sham or frivolous and defendant's motion to strike the complaint as not stating a cause of action, objection not having been reserved.

The present motion does not come under any of these cases, but is a motion for determination of an objection and point of law.

Rule 30 of the New Jersey Supreme Court provides:

Order of Pleadings.—The order of pleadings shall be:

1. Complaint;
2. Motion addressed to the complaint;
3. Answer;
4. Motion addressed to the answer;
5. Reply.

Rule 40 of the New Jersey Supreme Court provides:

Demurrers are Abolished.—Any pleading may be struck out on motion on the ground that it discloses no cause of action, defense or counter-claim, respectively. The order made upon such motion is appealable after final judgment. In lieu of a motion to strike out, the same objection, and any point of law (other than a question of pleading or practice) may be raised in the answering pleadings, and may be disposed of at, or after, the trial; but the court, on motion of either party, may determine the question so raised before trial, and if the decision be decisive of the whole case the court may give judgment for the successful party or make such order as may be just.

It is to be noted that in *Apfelbaum* v. *Pierce, supra,* the court said (at *p.* 1151): "We construe these sections (rules 30 and 40) as requiring a motion to strike out a complaint to be made to this court (the Supreme Court) before an answer has been filed. After an answer has been filed the motion must be made at or after the trial before the judge to whom the cause has been referred for trial. The practice pursued in the present case, if sanctioned, could be made most oppressive to a plaintiff and a means of obtaining a delay in the trial of an action." In that case after it was noticed for trial at the December term at the Circuit and placed on the list, notice of motion was given for the February term of the Supreme Court.

In the instant case the amended complaint is dated May 6th, 1937, and notice of motion dated July 9th, 1937, returnable July 22d, 1937, before the judge to whom the cause has been referred for trial, being the next motion day scheduled and being two months before the opening of the next term after the amended complaint was filed.

It is apparent that the motion was not made as "a means of obtaining a delay in the trial" but rather to expedite the proceeding by having the objection and point of law determined during the summer recess of court and before the commencement of the trial. The wisdom of such procedure is shown by the fact that briefs have been filed showing considerable research on the part of both counsel and the court has been able to consider them at length, rather than be confronted with the necessity of making a hasty determination at the trial, which if then determined as I have now decided would place the plaintiff at a distinct disadvantage, to say the least.

If the language of rule 40 is to be given any meaning whatever it is certainly applicable to the present motion which is not a motion to strike a pleading but a point of law having been raised in the answering pleadings the court, on motion of the defendant, is asked to "determine the question so raised before trial, and if the decision be decisive of the whole case" to give judgment for the successful party.

I, therefore, conclude that the motion is timely and proper.

The gist of the objection is that the amended complaint does not show that the injuries complained of are not compensable under the Workmen's Compensation act.

"In an action by an employe for injuries suffered in the course of, and growing out of, his employment, he must aver if he wishes to avoid the application of section 2 of the Workmen's Compensation act, an agreement in writing, or a written notice given, such as is required by the statute, and what he was bound to aver as a cause of action he must prove, and if he fails in this, he has not made out his right to recover." *McNulti* v. *Adams Express Co.,* 94 *N. J. L.* 487 (at *p.* 490) ; 111 *Atl. Rep.* 13.

Plaintiff relies on *Smith* v. *International High Speed Steel Co.,* 98 *N. J. L.* 574; 120 *Atl. Rep.* 188, which held that a disease was described in the complaint, that it was not the result of an accident.

Counsel for the plaintiff says the allegations in the complaint have been copied almost *verbatim* from the Smith case pleadings. At that time (March, 1923) the Workmen's Compensation act provided only for injuries resulting from accident and, therefore, there was a sufficient allegation to show the injuries were the result of disease and not covered by the act.

It was not until one year after that decision that certain occupational diseases were made compensable under the Workmen's Compensation act by supplement thereto approved March 11th, 1924. *Pamph. L.* 1924, *ch.* 124; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3883, § **236-26.

It would, therefore, appear that the Smith case does not now apply and that it is necessary to aver and prove such injuries as are clearly not covered by the Workmen's Compensation act.

While in the Smith case the allegations were sufficient to show a disease and not an accident it now becomes necessary to aver and prove such facts as will show the disease is not one made compensable under the act, which may be done by naming the disease or by setting forth the composition of the particles complained of so that it is clear none of the compensable diseases would result.

This would be decisive of the whole case were the amended complaint to stand as it now is but in my opinion the plaintiff should be permitted to further amend her complaint in accordance with the foregoing views so that the case may be tried on its merits when reached. Accordingly, leave is given to further amend the complaint not later than September 11th, 1937, or in default thereof judgment for defendant will be entered. Defendant should answer such amended complaint within ten days thereafter so that the case will be properly at issue on the opening day of the September term.

Motions addressed to the amended pleadings may be noticed for September 16th, 1937, at the court house.