Hudson County Circuit Court.

THE BUSINESS MEN'S BUILDING AND LOAN ASSOCIATION (OF JERSEY CITY), A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF, v. PHILLIP TUMULTY ET AL., DEFENDANTS.

Decided September 3, 1935.

For the plaintiff, *Carey & Lane.*

For the defendants, *Alfred R. Becker.*

BROWN, C. C. J. The above suit was brought by the plaintiff to recover on a bond for a deficiency arising after the foreclosure of a mortgage. The answer admits the making of the bond and mortgage and a decree and sale in the foreclosure suit. A denial is alleged of anything being due on the bond; that suit was not brought within the statutory period and a separate defense alleging that proper notice of the action was not filed in the register's office of Hudson county. The plaintiff moves to strike the answer and separate defense upon the ground "that the same are sham and/or frivolous and do not set forth a valid defense." The motion is in the nature of a general demurrer and therefore if any part of

the answer contains a valid defense the motion should fail. A pleading cannot be both sham and frivolous. It is either sham or frivolous. *National Surety Co.* v. *Mulligan,* 105 *N. J. L.* 336 (at *p.* 338) ; 146 *Atl. Rep.* 372. An objection that a pleading does not state a cause of action is not sufficient. *Dunn* v. *Chernewski,* 101 *N. J. L.* 27; 127 *Atl. Rep.* 338. By the same parity of reasoning to say that a pleading does not set forth a defense is not sufficient. The practice of using the conjunction "and" and the disjunctive "or" in objecting to a pleading deserves to be discouraged. "And" means added to; together with; joined with. In the case of the *National Surety Co* v. *Mulligan, supra,* it was clearly decided by our Court of Errors and Appeals that a pleading could not be both sham and frivolous The use of the disjunctive "or" does not better the objection. "Or" means either; else; otherwise. The same objection applies to the use of this word as to the word "and" in stating an objection to a pleading. The use of those words, as used on the motion in this case, indicates an uncertain and dubious ground of objection. The objection is stated with an undetermined opinion inclined to disbelieve and affected with doubt.

In the first separate defense of the answer the defendants allege that the plaintiff failed to file in the register's office notice of the proposed action as required by statute. The parties agree that before action was brought a notice was filed. The words used in the notice were "Notice is hereby given pursuant to the directions of the statute in such case made and provided to all whom it doth or may concern *of a pendency* of a suit in the Hudson County Circuit Court, as above entitled." The statute (*Comp. Stat.* 1910, *p.* 3423) provides in part: "No judgment shall be entered * * * in any action on said bond unless * * * prior to the beginning of such action * * * there shall be filed in the office of * * * the Register of Deeds and Mortgages of the County in which the lands described in the mortgage given with such bond is situate, a written notice of the *proposed* * * * *action* setting forth the Court in which it is *proposed* to * * * begin such action * * *." The

notice filed by the plaintiff was to the effect *"of a pendency of a suit."* That is the suit was already brought. It was pending in this court. The fact is the suit was not pending at the time notice was filed. The statute requires the notice to be filed before action is commenced and should refer to a *proposed* suit. One that is in contemplation or deliberation and not a suit that is pending and actually in existence. The notice filed by the plaintiff does not comply with the statutory requirements. The statute is mandatory and should be strictly followed. *Neu* v. *Rogge,* 88 *N. J. L.* 335 (at *p.* 340); 95 *Atl. Rep.* 632. The motion to strike the answer and enter summary judgment will be denied. The defendants by their cross-motion seek a judgment of nonsuit because of the insufficiency of the notice filed. When motions are addressed to pleadings in a cause they should be made under rule 30 or 40 of the Supreme Court depending upon the nature of the motion. The distinction between those rules is referred to in *Great American Indemnity Co.* v. *Gronowicz,* 6 *N. J. Mis. R.* 821; 142 *Atl. Rep.* 897; *Wright* v. *Kroydon Co.,* 9 *N. J. Mis. R.* 287; 154 *Atl. Rep.* 195; *Szalkowski* v. *C. S. Osborne Co.,* 9 *N. J. Mis. R.* 538; 154 *Atl. Rep.* 611. The defendant in the case *sub judice* did not address a motion to the complaint but elected to answer and failed to reserve his objection in point of law so as to make it the subject-matter of a motion under rule 40. The defendants having made their election shall be thus held and the motion for nonsuit will be denied. No costs will be allowed to either party on those motions.